STEFANIE T. SHARP, ESQ.
California State Bar No.: 163726
Robison, Sharp, Sullivan & Brust
A Professional Corporation
71 Washington Street
Reno, Nevada 89503
Telephone: (775) 329-3151
Facsimile: (775) 329-7169
Email:      ssharp@rssblaw.com

*Attorneys for Allrise Financial Group, Inc., and*
*EVN Investments, LLC*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In Re: | **CASE NO.:   17-52967 MEH** |
| 330 DAY, LLC, | **CHAPTER 11** |
| | **AMENDED STIPULATION FOR ORDER PROVIDING FOR TREATMENT OF CLAIM OF EVN INVESTMENTS, LLC** |
| Debtor. | |
| | **Judge M. Elaine Hammond** |

Debtor 330 Day, LLC ("Debtor"), by and through its counsel of record Charles B. Green, Esq. of CHARLES B. GREEN ATTORNEY AT LAW, and secured creditor EVN Investments, LLC ("EVN"), by and through its counsel of record Stefanie T. Sharp, Esq. of ROBISON, SIMONS, SHARP & BRUST, hereby stipulate and agree as follows with respect to the treatment of the secured claim of EVN in this proceeding and the dismissal of this case. Debtor and EVN are sometimes individually referred to herein as a "Party" and collectively as the "Parties." The Parties previously entered into a Stipulation (the "Stipulation") for Order Providing for Treatment of Claim of EVN Investments, LLC, Dkt. 22, which was approved by Order (the "Order") of this Court on January 25, 2018, Dkt. 25. The Stipulation and Order are collectively referred to herein as the "Original Stipulation."

/·/·/

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

# BACKGROUND FACTS

1. EVN is the holder of the first priority loan (the "Loan") secured by the sole asset of the Debtor, that certain real property commonly known as 330 Day Road, Gilroy, California 95020, Santa Clara County APN: 790-06-043. The Loan is evidenced by a Secured Promissory Note in the original principal amount of $845,000, a Loan Agreement and Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (the "Deed of Trust"), each dated December 22, 2015. The Deed of Trust was recorded on January 6, 2016, as Document No. 23189813, Official Records, Santa Clara County, California. David Tortia, the sole member and manager of the Debtor, personally guaranteed the Loan pursuant to a Payment Guaranty dated December 22, 2015 (the "Guaranty"). The documents and instruments evidencing the Loan, including without limitation the Secured Promissory Note, Loan Agreement, Deed of Trust and Guaranty are collectively referred to herein as the "Loan Documents."

2. Debtor defaulted under the Loan and EVN caused a Notice of Default and Election to Sell Under Deed of Trust to be recorded on July 6, 2017 as Document No. 23691432, Official Records, Santa Clara County California.

3. Debtor commenced this proceeding by filing its Petition on December 11, 2017 in order to prevent EVN's Trustee's Sale.

4. The Original Stipulation provided for the following treatment of EVN's claim herein:

    a. That the Debtor had until April 10, 2018 (the "Payment Deadline") to obtain a refinance loan sufficient to pay off the Loan in full;

    b. That if the Loan was not paid off in full on or before the Payment Deadline, EVN: (i) would be granted immediate relief from stay and waiver of the 14 day stay rule provided in FRBP 4001(a)(3); and (ii) was entitled to submit a form of order to this Court granting said stay relief and waiver of the 14 day stay rule provided in FRBP 4001(a)(3) with the Debtor being deemed to have irrevocably consented to entry of the order for stay relief;

    c. That the terms of the Loan Documents would remain in full force and effect and could not be modified in any plan proposed by Debtor in this proceeding;

Robison, Sharp, Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

d. That the terms of the Original Stipulation were to be contained in any Chapter 11 Plan filed by Debtor in this proceeding; and

e. That if this case is dismissed or converted to any other Chapter under Title 11 of the United States Bankruptcy Code, EVN would not be bound by the terms of the Original Stipulation.

5. The Debtor has requested and EVN has agreed to certain modifications of the agreements between the Parties set forth in the Original Stipulation. Therefore, the Parties are entering into this Amended Stipulation reflecting the terms of their agreement modifying the Original Stipulation.

**STIPULATION**

Based on the forgoing, the Parties hereby stipulate and agree as follows with respect to the treatment of EVN's claim in this proceeding and the amendment of the Original Stipulation:

1. That the Debtor shall have until April 30, 2018 (the "Cure Deadline") to reinstate the Loan by paying the total amount due (the "Reinstatement Payment") under the Loan Documents to bring the Loan current and back into good standing.

2. If EVN does not receive the Reinstatement Payment on or before the Cure Deadline, and this case has not been dismissed or converted, EVN: (i) will be granted immediate relief from stay and waiver of the 14 day stay rule provided in FRBP 4001(a)(3); and (ii) shall be entitled to submit a form of Order (the "Failure to Cure Order") to this Court granting said stay relief and waiver of the 14 day stay rule provided in FRBP 4001(a)(3). Debtor hereby irrevocably consents to entry of the Failure to Cure Order.

3. On or before May 30, 2018, Debtor will deliver a copy of the letter of intent or commitment letter (the "Refinancing Commitment") from the proposed lender from whom the Debtor intends to obtain a loan (the "Refinance Loan") to pay the Loan in full to show proof that the Refinance Loan has been approved subject to satisfaction of the conditions precedent to funding. If the Refinancing Commitment is not received by EVN on or before May 30, 2018 and this case is still pending and has not been dismissed or converted, EVN (i) will be granted immediate relief from stay and waiver of the 14 day stay rule provided in FRBP 4001(a)(3); and (ii) shall be entitled

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

submit a form of Order (the "Condition Failure Order") to this Court granting said stay relief and waiver of the 14 day stay rule provided in FRBP 4001(a)(3). Debtor hereby irrevocably consents to entry of the Condition Failure Order.

4. That this Chapter 11 proceeding will be dismissed as soon as practicable. As a condition of the dismissal, EVN agrees not to proceed with a non-judicial foreclosure/Trustee's Sale or a judicial foreclosure on condition that the Debtor keeps the Loan current after payment of the Restatement Payment by timely paying monthly payments and other amounts due under the Loan as they become due. The monthly payments shall be in the amount currently due under the terms of the Loan Documents with the first monthly payment being due on May 1, 2018. If any payment is not received by EVN on or before the date due, EVN shall be entitled to proceed with non-judicial foreclosure/Trustee's Sale or a judicial foreclosure and to exercise its rights and remedies under non-bankruptcy law and in equity.

5. That the Loan must be paid in full on or before July 10, 2018 (the "Repayment Deadline"). If the Loan is not paid in full on or before the Repayment Deadline, EVN shall be immediately entitled to proceed with non-judicial foreclosure/Trustee's Sale or a judicial foreclosure and to exercise its rights and remedies under non-bankruptcy law and in equity.

6. In the event that this matter is not dismissed for any reason and a default occurs under the terms of this Amended Stipulation, EVN (i) will be granted immediate relief from stay and waiver of the 14 day stay rule provided in FRBP 4001(a)(3); and (ii) shall be entitled to submit a form of Order (the "Relief Order") to this Court granting said stay relief and waiver of the 14 day stay rule provided in FRBP 4001(a)(3). Debtor hereby irrevocably consents to entry of the Relief Order.

7. That the terms of the Loan Documents shall remain in full force and effect and shall not be modified in any plan proposed by Debtor in this proceeding.

8. The terms of this Stipulation shall be contained in any Chapter 11 Plan filed by Debtor in this proceeding.

9. If this case is dismissed or converted to any other Chapter under Title 11 of the United States Bankruptcy Code, EVN shall not be bound by the terms of this Amended Stipulation

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

except for the terms set forth in Section 4 herein above.  The Parties hereby request that this Court enter its Order approving this Amended Stipulation in the form attached hereto as **Exhibit "1."**

DATED this 17th day of April, 2018.

ROBISON, SHARP, SULLIVAN & BRUST
A Professional Corporation
71 Washington Street
Reno, Nevada  89503

By:  */s/ Stefanie T. Sharp*
 STEFANIE T. SHARP, ESQ.
 *Attorneys for Allrise Financial Group, Inc.*
 *and EVN Investments, LLC*

CHARLES B. GREEN ATTORNEY AT LAW
84 West Santa Clara Street, Suite 800
Santa Clara, California 95113

By:  */s/ Charles B. Green*
 CHARLES B. GREEN, ESQ.
 *Attorneys for Debtor 330 Day, LLC*

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

CERTIFICATE OF SERVICE

Pursuant to FRBP 7005 and FRCP 5(b), I certify that I am an employee of ROBISON, SHARP, SULLIVAN & BRUST, that I am over the age of 18 and not a party to the above-referenced case, and that on the date below I caused to be served a true copy of the **AMENDED STIPULATION FOR ORDER PROVIDING FOR TREATMENT OF CLAIM OF EVN INVESTMENTS, LLC,** including any exhibits attached thereto, on all parties to this action by the method(s) indicated below:

 X   I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court by using the ECF system which served the following parties electronically:

Charles B. Greene on behalf of Debtor 330 Day, LLC
cbgattyecf@aol.com

Lynette C. Kelly on behalf of U.S. Trustee Office of the U.S. Trustee / SJ
lynette.c.kelly@usdoj.gov, ustpregion17.oa.ecf@usdoj.gov

Office of the U.S. Trustee / SJ
USTPRegion17.SJ.ECF@usdoj.gov

Stefanie T. Sharp on behalf of Creditor EVN INVESTMENTS, LLC
ssharp@rbsllaw.com, cobrien@rssblaw.com

Stefanie T. Sharp on behalf of Interested Party ALLRISE FINANCIAL GROUP, INC.
ssharp@rbsllaw.com, cobrien@rssblaw.com

DATED:  This 17th day of April, 2018.

*/s/ Christine O'Brien*
CHRISTINE O'BRIEN

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

# EXHIBIT "1"

# EXHIBIT "1"

Case: 17-52967   Doc# 29   Filed: 04/17/18   Entered: 04/17/18 14:50:02   Page 7 of 8

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

In Re:

330 DAY, LLC,

          Debtor.

**CASE NO.: 17-52967 MEH**

**CHAPTER 11**

**ORDER APPROVING AMENDED STIPULATION FOR ORDER PROVIDING FOR TREATMENT OF CLAIM OF EVN INVESTMENTS, LLC**

**Judge M. Elaine Hammond**

Upon consideration of the *Amended Stipulation For Order Providing for Treatment of Claim of EVN Investments, LLC*, Dkt. ___, (the "Stipulation") by and between Debtor 330 Day, LLC ("Debtor"), by and through its counsel of record Charles B. Green, Esq. of CHARLES B. GREEN ATTORNEY AT LAW, and secured creditor EVN Investments, LLC ("EVN") by and through its counsel of record Stefanie T. Sharp, Esq. of ROBISON, SIMONS, SHARP & BRUST, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Stipulation is approved. The terms of this Stipulation shall be contained in any Chapter 11 Plan ("Plan") filed by Debtor in this proceeding and any Order confirming any Plan shall incorporate the treatment of EVN's claim and the other provisions agreed to in the Stipulation.

**END OF ORDER**