CHARLES B. GREENE
ATTORNEY AT LAW
84 W. SANTA CLARA STREET SUITE 800
SAN JOSE, CALIFORNIA 95113
(408) 279-3518
STATE ID # 56275
Attorney for Debtor

The following constitutes
the order of the court. Signed July 12, 2018

_____

**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| In re | ) Case No.: 17-52967 meh |
| | ) |
| 330 DAY, LLC., | ) Chapter 11 |
| | ) |
| Debtor. | ) ORDER |
| | ) APPROVING THE SALE OF |
| | ) REAL PROPERTY |
| | ) (330 Day Road, Gilroy, CA) |
| | ) |
| | ) Date: July 12, 2018 |
| | ) Time: 10:30 a.m. |
| | ) Judge M. Elaine Hammond |

THE MOTION of the Debtor for Order Approving Sale of Real Property came before the Court on July 12, 2018 at 10:30 a.m., the Honorable M. Elaine Hammond, bankruptcy judge, presiding; Charles B. Greene, attorney at law, appearing on behalf of the Debtor and moving party; Stefanie T. Sharp of Robison, Sharp, Sullivan & Brust appearing on behalf of responding parties Allrise Financial Group, Inc., and EVN Investments, LLC with other appearances as noted on the record. Notice of the hearing having been properly and timely served on all creditors and parties in interest. The Court having considered the motion and supporting declaration of David Tortia, Doc. 44 and 45, respectively, as well as the response to the motion filed by Allrise Financial Group, Inc., and EVN Investments, LLC, Doc. 46, the other pleadings and papers on file herein and the statements

1

and arguments of counsel at the hearing on the motion, and the sale having been determined to be in good faith and in the best interests of all creditors and good cause being shown;

IT IS HEREBY ORDERED THAT:

1. The Debtor, 330 Day, LLC, is hereby authorized to transfer all of its right, title and interest in the real property commonly identified as 330 Day Road, Gilroy, California, Santa Clara County Assessor's parcel no. 790-06-043 ("the real property") to Red Diamond Revenue, LLC ("the buyer") for the sum of $1,400,000.00.  The proceeds of the sale in the amount of $1,400,000 shall be deposited with, and disbursed through, an escrow established at Fidelity National Title Company.

2. After the payment of the seller's ordinary and customary closing costs (which shall not include a real estate commission) the proceeds of sale shall first be applied to pay the outstanding loan (the "EVN Loan") to the Debtor held by EVN Investments, LLC in full, including without limitation, all unpaid principal, accrued and unpaid interest, attorney's fees, costs, expenses, the unpaid extension fee in the amount of $25,000, and all other amounts due and owing under the documents and instruments evidencing said loan; , to pay in full the demand of Sean Ngo; to pay in full the demand of Todd Nguyen; to pay in full the demand of Wilson Aguilar;  to pay in full the demand of Jason Marsh and Elizbeth Marsh; to pay in full the demand of Daniel R.P. Bamac; to pay the demand of the  Santa Clara County Tax Collector's Office for real estate taxes;  and to pay such other costs and fees as the Court may direct.  No real estate commission is to be paid from the proceeds of sale.

3. The Debtor will carry back a second deed of trust and lien against the real property in the amount of $350,000.00.  The promissory note between the buyer and the Debtor will bear interest at 1% annum with interest only payments, and will be all due and payable 5 years from date of close of escrow.

4. Any proceeds remaining after the payment of the demands and costs authorized by the Court shall be  deposited into a debtor-in-possession bank account and not disbursed until further order from the  Bankruptcy Court upon noticed motion and hearing.

5. This Order confirms that, pursuant to prior orders issued by this Court, Doc. 40 and Doc. 43,

2

effective 12:00 a.m. on May 22, 2018 (the Effective Date"): (a) the automatic stay of 11 U.S.C. § 362 (a) was terminated and lifted with respect to the real property (as defined in this Order) and all other collateral securing the EVN Loan (as defined in this Order); (b) as of the Effective Date EVN Investments, LLC, its parent, subsidiaries, affiliates, agents, representatives and/or employees, successors and assigns were and are entitled to enforce all of their rights and remedies under the documents evidencing the EVN Loan (as defined in this Order) to the Debtor as well as applicable non-bankruptcy law, and were and are entitled to exercise any and all state law and contractual remedies, which shall include, without limitation, judicial or non-judicial foreclosure upon and obtaining possession of all collateral property in accordance with applicable non-bankruptcy law; and (c) effective on the Effective Date the 14 day stay provided in Federal Rule of Bankruptcy Procedure §4001(a) (3) was waived.

6. The Court hereby waives the 14 day stay on sales provided under Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

Approved as to form:


/s/ Stefanie Sharp

**STEFANIE SHARP**
**Counsel for EVN Investments, LLC**


**END OF ORDER**

Case: 17-52967   Doc# 49   Filed: 07/12/18   Entered: 07/12/18 15:17:09   Page 3 of 4